# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CITY OF LAWTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CR-15-143-R |
| | ) |
| SHIVA EL HELIOS DAY | ) |
| ex rel. JAMES GARLAND CRAIG, | ) |
| | ) |
| Defendant. | ) |

## ORDER

This matter comes before the Court on Defendant's attempt to remove actions apparently pending against him in the municipal court for the City of Lawton. In his Notice of Removal Defendant does not cite to any relevant statutory authority regarding removal, but rather relies on federal jurisdictional statutes, specifically 28 U.S.C. §§ 1331 and 1332. For the reasons set forth herein, this case is dismissed and remanded to the Municipal Court for the City of Lawton.

The Court first notes that it does not appear that Defendant filed a copy of the state court file for each of the cases he is attempting to remove, unless each case file is limited to the tickets issued to him by the City as required by Title 28 U.S.C. § 1455. Additionally, Defendant does not meet the substantive requirements for removal. 28 U.S.C. § 1455 governs the removal of state criminal actions to the federal district courts and provides:

> (a) Notice of removal.—A defendant or defendants desiring to remove any criminal prosecution from a State court shall file in the district court of the United States for the district and division within which such prosecution is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules

of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

(b) Requirements.—(1) A notice of removal of a criminal prosecution shall be filed not later than 30 days after the arraignment in the State court, or at any time before trial, whichever is earlier, except that for good cause shown the United States district court may enter an order granting the defendant or defendants leave to file the notice at a later time.

> (2) A notice of removal of a criminal prosecution shall include all grounds for such removal. A failure to state grounds that exist at the time of the filing of the notice shall constitute a waiver of such grounds, and a second notice may be filed only on grounds not existing at the time of the original notice. For good cause shown, the United States district court may grant relief from the limitations of this paragraph.
>
> (3) The filing of a notice of removal of a criminal prosecution shall not prevent the State court in which such prosecution is pending from proceeding further, except that a judgment of conviction shall not be entered unless the prosecution is first remanded.
>
> (4) The United States district court in which such notice is filed shall examine the notice promptly. If it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand.

Defendant has not met the requirements of subsection (a) or (b). He attempts to remove nine separate actions in a single filing but has not submitted what the Court can identify as a copy of the state file for any of the cases. The notice of removal does not contain "a short and plain statement of the grounds for removal": the notice simply recites to 28 U.S.C. § 1331 and § 1332, which do not govern this action and he fails to indicate which ground set forth in 28 U.S.C. § 1443 provides a basis for removal.[1]

---

[1] Any of the following . . . criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States

(continued...)

Defendant has not met the requirements of subsections (a) or (b). He has not submitted a copy of the state file, and the notice of removal does not contain "a short and plain statement of the grounds for removal": the notice of removal, is simply a reiteration of various parts of the United States Constitution and federal removal statutes, but does not state the specific factual grounds for removal in this case. Moreover, the notice of removal was not filed in a timely fashion, because it appears from the documents attached to the notice of removal because the traffic citations and relevant criminal complaints were all filed in 2012 and 2013, more than thirty days prior to Defendant's attempted removal, which does not comport with the timing requirements for attempted removal under § 1445(b) as set forth above.

In sum, the Court finds that there is no properly stated basis for removal included in the Notice of Removal, and further removal is untimely, and no good cause exists to excuse the untimeliness. As such, the Court summarily REMANDS Defendant's cases to the state court pursuant to 28 U.S.C. § 1455(b)(4). The Clerk shall terminate this matter.

IT IS SO ORDERED this 21st day of July, 2015.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE

---

[1](...continued)
    for the district and division embracing the place wherein it is pending:
        (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;
        (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.
28 U.S.C. § 1443.